THOMPSON, Presiding Judge,
dissenting.
I agree that the juvenile court did not have jurisdiction to enter a new judgment in this matter on March 25, 2011, because, by that date, E.C.J. had reached the age of majority; however, I do not believe that the juvenile court’s judgment of July 10, 2009, ordering the involuntary commitment of E.C.J. “expired” when E.C.J. reached the age of majority.
It is undisputed that the juvenile court had jurisdiction to enter the judgment of July 10, 2009, in which E.C.J. was committed to the legal and physical custody of the Alabama Department of Mental Health (“the department”). E.C.J. was a minor when, on February 6, 2009, upon a petition filed by the Limestone County Department of Human Resources, she was involuntarily committed to the department and then admitted to the William D. Partlow Developmental Center (“Partlow”) in Tuscaloosa. On March 18, 2009, the department filed a motion seeking to release E.C.J. from its custody. The juvenile court granted the motion on April 3, 2009, and custody of E.C.J. was returned to her *932 parents. In May 2009, E.C.J.’s guardian ad litem filed another petition seeking E.C.J.’s involuntary commitment. On July 10, 2009, the juvenile court granted the petition of the guardian ad litem on the ground that E.C.J. was suffering from mental illness and intellectual disability.
E.C.J.’s 19th birthday was February 6, 2011. On February 4, 2011, in anticipation of E.C.J.’s 19th birthday, the department filed a “Notice of Expiration of Juvenile Court Involuntary Mental Commitment to the Alabama Department of Mental Health,” which, the department asserts, was made pursuant to §§ 12-15^409 and -410, Ala.Code 1975. The department did not seek to have E.C.J.’s involuntary commitment lifted, to end E.CJ.’s treatment at Partlow, or to have E.C.J. removed from the department’s custody. In its notice, the department asked the juvenile court
“to acknowledge with its ruling, the Department’s legal assertion that its ORDER dated July 10, 2009, committing [E.C.J.] to [the department] on the basis that she is both mentally ill and mentally retarded, is due to expire on February 6, 2011, upon the minor reaching her age of majority, i.e. 19 years of age. Further, the Department requests guidance on whether [the juvenile court] desires for [E.C.J.] to remain at Partlow (as is currently recommended by her treatment professionals) by virtue of legal custody vesting in [the Department of Human Resources] or otherwise, via delinquency, dependency, child in need of supervision, etc. ..., that may have arisen with [the juvenile court] before the minor’s 18th birthday.”
A hearing was held on the issues related to E.C.J.’s reaching the age of majority, and on March 25, 2011, the juvenile court entered its judgment directing that legal and physical custody of E.C.J. was to remain with the department and stating that the juvenile court was retaining jurisdiction over the matter pursuant to § 12-15-412. The department timely appealed to this court.
The department argues that the juvenile court’s “mental commitments expire at the age of majority.” In support of its argument, the department emphasizes language from several statutes governing the commitment of minors or children with mental illness or mental retardation, highlighting the words “minor or child” in each. The department quotes § 12-15-115(a)(3), Ala.Code 1975, which states, in pertinent part, that the juvenile court will exercise jurisdiction in “ ‘[proceedings for the commitment of a minor or child.”’ (Emphasis in department’s appellate brief.) It also quotes § 12-15-411, governing the discharge of a mentally ill or a mentally retarded minor or child from the department’s custody, as follows:
“ ‘(a) Any minor or child committed to the custody of the department who has gained maximum benefit from institutional treatment, who is no longer in need of the services of the department, or who has gained maximum benefit from the programs of the department shall be discharged from the custody of the department. The minor or child shall not be received again by the department pursuant to the original commitment order unless deemed appropriate by a court of proper jurisdiction holding a subsequent hearing.
“ ‘(b) The department shall notify the committing juvenile court or the court to which the case is transferred and the parties to the commitment action in writing, which must be received by the juvenile court at least 10 days in advance of the proposed discharge. The committing juvenile court, at the time of discharge, shall transfer custody to a *933 person or another state department or agency deemed suitable by the juvenile court.’ ”
(Emphasis in department’s appellate brief.) The department also quotes the basis for the juvenile court’s holding that it retained jurisdiction over this matter, § 12-15^412, which states: “ ‘The juvenile court committing any minor or child to the custody of the department shall retain jurisdiction over the minor or child so long as the minor or child is in the custody of the department regarding the original commitment.’ ” (Emphasis in department’s appellate brief.)
In addition to statutes relating to the commitment of mentally ill or intellectually disabled minors and children, the department cites general statutes defining a minor as one who is under the age of 19 years, Ala.Code 1975, §§ 12-15-102(18) and 26-1-1 (defining the age of majority as 19 years). The department also cites In re Warrick, 501 So.2d 1223 (Ala.Civ.App.1985). Warrick involved the issue whether employees of the department were in contempt for violating a juvenile court’s order that committed a child to the department for “ ‘evaluation, treatment and placement’ ” in a certain facility pending further court orders. Id. at 1225. The statutes in effect in 1984 were silent as to the authority of the department to discharge a patient. Id. at 1227. In this case, the department relies on language in Warrick in which the court in that case concluded that “[o]nce the juvenile court transfers custody to the department, custody remains in the department until it is relieved of that responsibility by the juvenile court or until the child reaches its majority.” Id. Therefore, the Warrick court concluded, the department could not be relieved of its legal responsibility to the child “except by order of the juvenile court or the passage of time.” Id. Accordingly, the court held that the department improperly had taken it upon itself to discharge the child. Id. at 1228.
We note that in Warrick the child had not reached the age of majority. Moreover, Warrick was decided more than 20 years before the statutes relevant to the issue presented in this case were promulgated. As previously mentioned, § 12-15-411 governs when a child or a minor can be discharged from the custody of the department. Specifically, it provides that a child or a minor in the custody of the department can be discharged when that child or minor “has gained maximum benefit from institutional treatment, ... is no longer in need of the services of the department, or ... has gained maximum benefit from the programs of the department.” § 12-15-411 (a). That statute does not provide that treatment of a child or a minor already committed to the custody of the department “expires” simply because that child or minor reaches the age of majority. To the contrary, § 12-15-412 explicitly provides that “[t]he juvenile court committing any minor or child to the custody of the department shall retain jurisdiction over the minor or child so long as the minor or child is in the custody of the department regarding the original commitment.” Nothing in that statute calls for a court-ordered commitment to “expire” simply because the child or the minor who is receiving treatment pursuant to that order has reached the age of majority.
I believe that, under traditional principles of statutory construction, had the legislature intended for a mental commitment to “expire” when a committed minor reaches the age of majority, it could have included such language in the statutes governing the involuntary commitment of minors or children. See Ex parte Sawyer, 892 So.2d 898, 902 (Ala.2004). That the legislature *934 did not include in its statutory scheme an “expiration” of a commitment order upon the minor’s reaching the age of majority implies that it did not intend for a validly entered commitment order to “expire.” See, e.g., Ex parte State Dep’t of Revenue, 624 So.2d 582, 584 (Ala.1993) (“[Cjourts often apply the legal maxim expressio uni-us est exclusio alterius (the expression of one thing is the exclusion of another) in interpreting statutes.”).
In fact, an expiration of a commitment order based solely on the age of the person being treated for mental illness or any other mental disability may be disruptive to the care and treatment of that person. Furthermore, to require a new commitment proceeding during the course of treatment that has already been ordered by a court merely because the person being treated reaches the age of majority is a waste of judicial resources. The following scenario comes to mind. Assume that, one week before his 19th birthday, a minor becomes a danger to himself or to others such that the department is awarded custody of the minor pursuant to a valid order of involuntary commitment entered by the juvenile court. Under the department’s rationale, when the minor reaches the age of majority a week later, the entire commitment process must be carried out again, although the person is in the custody of the department pursuant to a valid judgment.
In this case, the department admits that E.C.J. has made only “fair” progress in her treatment and that it was not recommending her for release from its custody. Indeed, the department wishes her to remain at Partlow. As long as E.C.J. remains committed pursuant to the order of July 2009, there is simply no reason for a new court to enter a duplicative order. We note that once a child or a minor has been discharged from the custody of the department, § 12-15-411(a) provides that the child or minor “shall not be received again by the department pursuant to the original commitment order unless deemed appropriate by a court of proper jurisdiction holding a subsequent hearing.” That provision of § 12-15-411 appears to contemplate the following scenario: when a mentally ill or intellectually disabled minor has been committed to the custody of the department and is subsequently released, if that minor has reached the age of majority, then the juvenile court cannot order a subsequent commitment; the commitment must be ordered by a court with jurisdiction over one who has reached the age of majority.
My research has revealed no law — and the department and the main opinion have not cited any law — that would authorize a party to file a “Notice of Expiration” of a validly entered judgment. The proper method by which to have a judgment set aside is for a party to file a motion pursuant to Rule 60(b), Ala. R. Civ. P., which allows for judgments to be set aside under certain circumstances. The department did not make any effort to have the judgment in this case set aside. Instead, it unilaterally gave “notice” to the juvenile court that the July 2009 judgment had “expired.”
I believe that the July 2009 judgment will remain effective until E.C.J. has gained maximum benefit from institutional treatment, is no longer in need of the services of the department, or has gained maximum benefit from the programs of the department. See § 12-15-411. Therefore, I must respectfully dissent.
PITTMAN, J., concurs.